UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cr-60096-RKA

UNITED STATES OF AMERICA,

vs.

JAMI KOPACZ,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Jami Kopacz (hereinafter referred to as the "Defendant") enter into the following agreement:

1.    The Defendant agrees to plead guilty to the Information, which charges the Defendant with filing a false tax return, in violation of Title 26, United States Code, Section 7206(1).

2.    In exchange for the Defendant's guilty plea, the Government agrees not to file any additional charges against the Defendant arising out of his conduct outlined in the Information and Factual Proffer, unless the Defendant withdraws his decision to plead guilty or violates the terms of this plea agreement.

3.    The Defendant understands that he has the right to have the evidence and charges against him presented to a Federal grand jury for a determination of whether or not there is probable cause to believe that he committed the offenses with which he is charged. Understanding that right, and after full and complete consultation with his counsel, the Defendant agrees to waive in open court his right to prosecution by indictment and agrees that this Office

may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

4. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The Defendant also understands and acknowledges that, as to the Information, which charges the Defendant with Making and Subscribing a False Tax Return, in violation of Title 26, United States Code, Section 7206(1), the Court may impose a statutory maximum term

of imprisonment of up to three (3) years, and a term of supervised release of up to one (1) year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of (a) $250,000 or (b) twice the gross pecuniary loss incurred by the victim in this case. The Court may further order restitution.

6. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of

guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this recommendation and request if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. This Office agrees to recommend to the Court a sentence at the low end of the advisory sentencing range calculated under the Sentencing Guidelines.

10. The Defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the Defendant's cooperation

is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motion, and that this Office's assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

13. Nothing in this agreement precludes the Defendant from arguing, at the time of sentencing, for a variance or departure from the advisory sentencing guideline range, as determined by the Court.

14. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

      a. <u>Applicable Guidelines and Loss Amount</u>:   Sections 2T1.1(a)(1) and 2T4.1 of the Sentencing Guidelines apply to the Defendant's conduct.  The relevant amount of actual, probable or intended loss under Section 2T4.1 of the Sentencing Guidelines resulting from the offenses committed by the Defendant is $278,325.

15. This Office and the Defendant have not reached an agreement with respect to any Sentencing Guidelines provision not specifically referenced in this plea agreement.

16. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.  The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The Defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

17. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions with respect to restitution:

6

a. <u>Restitution</u>: The Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in a total amount of $278,325. The total amount of restitution consists of the following:

| Tax Year | Amount to be Credited to Tax |
|---|---|
| 2015 | $27,208 |
| 2016 | $34,920 |
| 2017 | $101,875 |
| 2018 | $114,322 |
| **Total** | **$278,325** |

18. In the event the Court issues a final restitution order, the Defendant understands and agrees to the following:

   a. The final restitution figure as determined by the Court does not include interest under 26 U.S.C. § 6601. The Defendant agrees to pay Title 26 interest on the restitution amount. Interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full.

   b. The total amount of restitution as determined by the Court results from the Defendant's fraudulent conduct.

   c. Restitution as determined by the Court is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

7

    d. The IRS will use the amount of restitution as determined by the Court as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

    e. The Defendant is entitled to receive credit for restitution paid pursuant to any restitution order the Court may make against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The Defendant understands and agrees that any restitution order the Court may make does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the Defendant relating to the conduct covered by the restitution order and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the Defendant's obligation to pay any remaining civil tax liability. The Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

f.  The Defendant understands that he is not entitled to credit with the IRS for any payment made pursuant to any restitution order that the Count may make until the payment is received by the IRS.

g.  If full payment cannot be made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office.  The Defendant also agrees to provide the above-described information to the probation office.

h.  The Defendant agrees to send restitution payments to the IRS at the following address:

   IRS - RACS
   Attn: Mail Stop 6261, Restitution
   333 W. Pershing Ave.
   Kansas City, MO 64108

i.  With each payment to the IRS, the Defendant will provide the following information:

   1. The Defendant's name and Social Security number;
   2. The District Court and the docket number assigned to this case;
   3. Tax year(s) or period(s) for which restitution has been ordered; and
   4. A statement that the payment is being submitted pursuant to the District Court's restitution order.

9

j. The Defendant agrees to send to the Clerk of the District Court and to the U.S. Attorney's Office Financial Litigation Unit notice of payments sent directly to the IRS, at the following addresses:

   Wilkie D. Ferguson, Jr.
   U.S. Courthouse
   400 North Miami Avenue
   Room 8N09
   Miami, FL 33128

   U.S. Attorney's Office
   Attn: Financial Litigation Unit
   99 N.E. 4th Street
   Miami, FL 33132

k. A failure to send payments to the specific IRS address set forth in paragraph 11(h), or a failure to include all of the information listed above in paragraph 11(i), may result in a delay in the application of the payment or result in the IRS applying the payment in the best interest of the United States, including application to taxes or periods other than those ordered by the Court.

19. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further expressly waives his right to appeal based on arguments that (a) the statute to which the Defendant is pleading guilty are

unconstitutional and (b) the Defendant's admitted conduct does not fall within the scope of the statutes. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

20. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/14/2020      By: /s/ *Grace Albinson*
GRACE ALBINSON
TRIAL ATTORNEY, TAX DIVISION

Date: 12/14/2020      By: /s/ *Christopher Browne*
CHRISTOPHER BROWNE
ASSISTANT UNITED STATES ATTORNEY

Date: 12-14-20   By: _____
                     RICHARD LUBIN
                     ATTORNEY FOR DEFENDANT

Date: 12/11/20   By: _____
                     JAMI KOPACZ
                     DEFENDANT